IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY R. ZINSMEYER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-220-B-BW |
| | § | |
| CITY OF GARLAND, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jeffrey R. Zinsmeyer's Motion (Omnibus) for the reconsideration and resubmission of previous motions and request for whistleblower status renewed, reversal of dismissal, filed on April 23, 2026.  (Dkt. No. 15.)  Based on the relevant filings and applicable law, the Court should liberally construe the filing as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENY** it.

## I.  BACKGROUND

On January 28, 2026, Zinsmeyer filed a pro se complaint against the City of Garland, the Garland City Manager, the Garland City Attorney/City Marshal, the Garland Police Chief, and a municipal court judge in Garland for "violation of civil rights."  (Dkt. No. 3 at 2-3.)  On February 19, 2026, the undersigned recommended that the case be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  (*See* Dkt. No. 9.)  On March 16, 2026, the

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening.

recommendation was accepted, and this action was dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  (*See* Dkt. Nos. 11-12.)

In his motion, Zinsmeyer now asks for reconsideration of the dismissal of his case and a host of additional relief stemming therefrom.  (*See* Dkt. No. 15 at 1-10.) His motion also names multiple new defendants and includes over 170 pages of exhibits.  (*See id.* at 1, 19-193.)

## II.  NATURE OF FILING

As the Court has noted, in his motion, Zinsmeyer asks the Court to reconsider its dismissal of his case.  (*See id.* at 1-2.)  "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Because Zinsmeyer's motion was filed 38 days after entry of judgment, it is properly construed as arising under Rule 60(b).  *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).

## III.  FED. R. CIV. P. 60(b)

Pursuant to Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered.  *See* Fed. R. Civ. P. 60(c)(1).

Because Zinsmeyer does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), his motion is considered under paragraph (6), which is the "catch-all" clause of Rule 60(b).  *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  Relief under this "catch-all" provision is available "only if extraordinary circumstances are present."  *Id.* at 216 (citation and internal quotation marks omitted).  The burden of establishing Rule 60(b) requirements is on the moving party, and a determination of whether that burden has been met rests within the considerable discretion of the Court.  *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

Zinsmeyer fails to show a basis for relief under Rule 60(b)(6).  Zinsmeyer appears to contend that he has repeatedly attempted to prepare "stacks" of filings relevant to the case. (Dkt. No. 15 at 2.)  He complains that he has had to repeatedly recover various online accounts, documents have been erased, destroyed, or removed from his accounts, five of his computers and two of his phones have been hacked and locked, he is subject to "thrott[]ling and sudden 'kill' attempts even at the public

3

library," his emails to third parties have been intercepted, he is "the subject of real time surveillance on any computer I sign into" and real-time hacking, there have been three attempts on his life that mimic falling asleep while driving, and his "home is flooded with microwaves" that are causing his and his housemates' health to deteriorate. (Dkt. No. 15 at 2-5.) He also appears to complain about ongoing state criminal proceedings and the issuance of state arrest warrants. (*See id.* at 5-6.)

His allegations do not address or remedy the bases for the dismissal of his case, namely that his complaint and other filings asserted, at best, no more than "legal conclusions[,] mere labels[,] threadbare recitals of the elements of a cause of action[,] conclusory statements[,] and naked assertions devoid of further factual enhancement," and that the allegations throughout same appeared to be fanciful and incredible, and therefore inadequate to support any cognizable claim. *See Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Zinsmeyer's current motion fares no better; his allegations fail to state a viable claim or anything that can be construed as such, and both the motion and over 170 pages of exhibits—comprised primarily of filings previously submitted and ruled on by the Court, Zinsmeyer's filings in other courts and correspondence with his state public defender, and what appear to be AI responses to various prompts— repeat and expand on the fanciful and incredible allegations of his original filings. Additionally, Zinsmeyer's motion and extensive exhibits do not present straightforward pleadings that comply with Federal Rule of Civil Procedure 8(a). *See, e.g.*, *Hall v. Civ. Air Patrol, Inc.*, 193 F. App'x 298, 299-300 (5th Cir. 2006) ("Rule

4

8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." (citation and internal quotation marks omitted)).

Accordingly, Zinsmeyer has failed to demonstrate exceptional circumstances warranting relief under Rule 60(b)(6) such that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). The Court therefore should deny his construed motion for relief from judgment under Rule 60(b).

## IV.  RECOMMENDATION

The Court should liberally construe the Motion (Omnibus) for the reconsideration & resubmission of previous motions and request for whistleblower status renewed, reversal of dismissal, filed on April 23, 2026 (Dkt. No. 15), as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENY** it.

**SO RECOMMENDED** on May 6, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).